John P. Verkamp, Esq. Verkamp Ladd, P.A.
4937 Old Greenwood Road Fort Smith, Arkansas 72903
Dear Mr. Verkamp:
You have requested approval, pursuant to the Interlocal Cooperation Act, A.C.A. § 25-20-101 through-108 (Repl. 2002 Supp. 2009), of a proposed interlocal agreement (the "Agreement") among various counties, cities and other governmental entities in Arkansas and Oklahoma intended to form a metropolitan planning organization ("Frontier MPO") as contemplated at 23 U.S.C. 133 and 23 C.F.R. 450.308 et seq. The Agreement as submitted has been signed by the county judges of Crawford and Sebastian Counties, Arkansas, the mayors of Alma, Barling, Bonanza, Central City, Fort Smith, Greenwood, Kibler, Lavaca and Van Buren, Arkansas, as well as the mayors of Arkoma and Pocola, Oklahoma. Other signatories are the county commissioners of Leflore County and Sequoyah County, Oklahoma, as well as the Western Arkansas Intermodal Authority and the Fort Smith Regional Airport Commission. Further proposed signatories are the mayor of Moffett, Oklahoma and the governors of Arkansas and Oklahoma. The Agreement expresses an intent "to formalize the current cooperative efforts between Frontier MPO, the member jurisdictions, Arkansas State Highway and Transportation Department (AHTD), and the Oklahoma Department of Transportation (ODOT)." The Agreement contemplates that Frontier MPO will provide transportation planning services within a designated metropolitan planning area (the "MPA"). You indicate that the Agreement has been drafted pursuant to both the Arkansas Interlocal Cooperation Act and the Oklahoma Interlocal Cooperation Act, 74 O.S. § 1001[74-1001] et seq., which you suggest are identical in all material respects. *Page 2 
You have submitted a copy of the Agreement, under the terms of which the parties agree generally to cooperate in planning operations within the MPA under the coordination of the joint enterprise Frontier MPO.
The Interlocal Cooperation Act provides for cooperative enterprises between or among various "public agencies." Included within the category of "public agency" are any "political subdivision of this state" and any "political subdivision of another state." A.C.A. §§ 25-20-103(1)(B) and-103(1)(D).[1]
I am struck by the liberality of the legislature's statement of purpose in the Interlocal Cooperation Act:
 It is the purpose of this chapter to permit local governmental units to make the most efficient use of their powers by enabling them to *Page 3 
cooperate with other localities on a basis of mutual advantage and thereby to provide services and facilities in a manner and pursuant to forms of governmental organization that will accord best with geographic, economic, population, and other factors influencing the needs and development of local communities.
A.C.A. § 25-20-102 (emphasis added).
With respect to the range of permissible agreements under this act, A.C.A. § 25-20-104(a) provides:
 Any governmental powers, privileges, or authority exercised or capable of exercise by a public agency of this state alone may be exercised and enjoyed jointly with any other public agency of this state which has the same powers, privileges, or authority under the law and jointly with any public agency of any other state of the United States which has the same powers, privileges, or authority, but only to the extent that laws of the other state or of the United States permit the joint exercise or enjoyment.
(Emphasis added.) See, e.g., Op. Att'y Gen. Nos. 2004-266 (approving an interlocal agreement calling for mutual assistance in law enforcement between the Texarkana, Texas and Texarkana, Arkansas police departments); 97-328 (approving an interlocal agreement between Union County, Arkansas and Claiborne Parish, Louisiana). Assuming, then, that the state of Oklahoma would permit an interlocal agreement of the sort you propose, there would not appear to be any bar to the parties entering into the Agreement.
In offering this conclusion, I am aware of the fact that the Agreement appears to contemplate the participation of the AHTD and ODOT in whatever projects Frontier MPO undertakes. As regards this participation, I should point out that the Agreement may need to be approved by "the state officer or agency having the power of control" of "the provision of services or facilities" by the state. A.C.A. § 25-20-106. Specifically, the statute just recited provides as follows:
 (a) In the event that an agreement made pursuant to this chapter shall deal in whole or in part with the provision of services or facilities with regard to which an officer or agency of the state government has constitutional or statutory powers of control, the agreement, as a *Page 4 
condition precedent to its entry into force, shall be submitted to the state officer or agency having the power of control and shall be approved or disapproved by him or her or it as to all matters within his or her or its jurisdiction in the same manner and subject to the same requirements governing the action of the Attorney General pursuant to § 25-20-104(f).
 (b) This requirement of submission and approval shall be in addition to and not in substitution for the requirement of submission to and approval by the Attorney General.[2]
The Interlocal Cooperation Act requires that interlocal agreements for joint or cooperative action specify the following items:
 (1) The duration of the agreement;
 (2) The precise organization, composition, and nature of any separate legal or administrative entity created thereby, together with the powers delegated to it, provided that the entity may be legally created;
 (3) The purposes of the agreement;
 (4) The manner of financing the joint or cooperative undertaking and of establishing and maintaining a budget for it;
 (5) The methods of accomplishing termination of the agreement and for the disposal of property (if any) upon termination;
 (6) Any other necessary and proper matters.
A.C.A. § 25-20-104(d). *Page 5 
I am required by law to review the agreement for the purpose of determining whether it is in proper form, as described above, and is otherwise compatible with the laws of the state.
Having analyzed the agreement you have submitted, I find that it is in proper form and otherwise meets the requirements of state law. Accordingly, it is hereby approved as submitted.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL
Attorney General
[1] The definitional section of the Interlocal Cooperation Act provides in its entirety:
 As used in this chapter:
 (1) "Public agency" means any:
 (A) School district;
 (B) Political subdivision of this state;
 (C) Agency of the state government or of the United States;
 (D) Political subdivision of another state;
 (E) Water district created under the provisions of the Regional Water Distribution
 District Act, § 14-116-101 et seq.;
 (F) Governing body of a municipal electric utility as defined in § 25-20-402; and
 (G) Fire department organized under the laws of this state if the fire department:
 (i) Offers fire protection services to unincorporated areas; and
 (ii) Has received approval by its quorum court for participation in an interlocal cooperation agreement; and
 (2) "State" means a state of the United States and the District of Columbia.
Under these definitions, all of the signatories with the exception of the governors qualify as "public agencies." The municipal corporations clearly qualify as political subdivisions of the state. A regional intermodal facility qualifies as a "public corporation" pursuant to A.C.A. § 14-143-104 (Repl. 1998), as does a regional airport pursuant to A.C.A. § 14-362-104 (1987).
[2] Implicit in this statute is a recognition that the necessary involvement of a state agency in a given project will not support a conclusion that the governmental power sought to be exercised jointly by various public agencies is not one that would be "capable of exercise by a public agency of this state alone." A.C.A. § 25-20-104(a). Rather, the operative question is whether, with the approval of the state agency, a particular state agency would be empowered individually to undertake the project that various state agencies are seeking to undertake jointly. *Page 1